UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-68-JBC

CHARLES J. WOFFORD,                                                                                  PLAINTIFF,

V.                     **MEMORANDUM OPINION AND ORDER**

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT, ET AL.,                                                                   DEFENDANTS.

* * * * * * * * * *

This matter is before the court upon the defendant Correctional Medical Services, Inc.'s motion for summary judgment (R. 26). The plaintiff did not respond. Because the plaintiff fails to establish essential elements of his claim of medical negligence, the defendant Correctional Medical Services, Inc. ("CMS") is entitled to judgment as a matter of law on that claim. However, the plaintiff has other claims that have not been addressed by CMS. Thus, the court will grant in part and deny in part that defendant's motion.

**I. Facts**

The plaintiff, Charles J. Wofford, has suffered urinary problems since the year 2000. He was arrested on January 31, 2006, and placed in the Lexington-Fayette County Detention Center ("FCDC"). He alleges that he was beaten when booked at FCDC, and that all of the defendants breached a duty by not intervening to stop the beating. Between that day and March 12, 2006, he was taken to the University of Kentucky Medical Center ("UKMC") no less than five times to receive

care for his urinary problems. Most of the trips to UKMC were preceded by the plaintiff's intentional disturbing of his own personal medical equipment, such as his catheter. He was released from custody but was arrested again on April 25, 2006, and taken back to FCDC. The next day he was sent to UKMC for re-insertion of a catheter that he had pulled out. He was sent back to FCDC and was released sometime in May 2006. The plaintiff was arrested again on August 29, 2006, and was last seen by the FCDC facility physician, Dr. McConnell, on December 8, 2006. He filed the complaint on January 30, 2007, alleging deprivation of substantive due process and other Constitutional violations, conduct deserving of relief under 42 U.S.C. § 1983, and various torts, including assault and medical negligence. *See* R. 1, 26, Pl.'s Compl..

**II. Analysis**

In the absence of a response from the non-moving party, the party moving for summary judgment still carries the burden of proving that there are no genuine issues of material fact. *See* Fed. R. Civ. P. 56(c),(e); *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). However, the court will not serve as the advocate for the non-moving party; instead, the court may rely, in its reasoned exercise of judgment, on the evidence as set forth by the moving party in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are "uncontroverted." *Guarino v. Brookfield Twp. Trustees,* 980 F.2d 399, 410 (6th Cir. 1992).

In order to establish a prima facie case of medical negligence, the plaintiff must ordinarily provide expert medical testimony, "unless negligence and injurious results are so apparent that a layman with general knowledge would have no difficulty recognizing it." *Morris v. Hoffman*, 551 S.W.2d 8, 9 (Ky. App. 1977) (citing *Johnson v. Vaughn*, 370 S.W.2d 591 (Ky. 1963)). Generally, in cases alleging injury as a result of medical malpractice, the "nature of the injury is such that jurors are not competent to draw their own conclusions from the evidence without the aid of expert testimony." *Baylis v. Lourdes Hospital, Inc.*, 805 S.W.2d 122, 124 (Ky. 1991) (citing *Jarboe v. Harting*, 397 S.W.2d 775 (Ky. 1965)). Such expert testimony must demonstrate the probability, rather than just the possibility, that the negligence alleged is the cause of the injury. *See Jarboe,* 397 S.W.2d at 778 (citing *Kelly Contracting v. Robinson*, 377 S.W.2d 892 (Ky. 1964)). In this case, due to the complexity of the medical evidence, the plaintiff's own medical history, the nature and causes of the plaintiff's urinary injuries are such that jurors are not competent to draw their own conclusions from the evidence without the aid of a medical expert. *See* R. 26, Ex. 1-16.

The plaintiff alleges medical negligence in that CMS withheld treatment by refusing to perform medical procedures ordered by the treating physician, administer medications, and otherwise assist the plaintiff. *See* R. 1, Pl.'s Compl.. According to the court's amended scheduling order of April 8, 2009, the plaintiff was to have disclosed identities of expert witnesses no later than May 1, 2009.

*See* R. 25. The plaintiff has neither made any such disclosure nor indicated that he is attempting to retain an expert witness for this action. Further, he has not made any specific indication or argument to the court that the alleged negligence and injuries are so apparent as to be easily understood by a jury without expert medical testimony. Without an expert medical witness, the plaintiff cannot establish his prima facie case of medical negligence as a matter of law. *See Morris*, 551 S.W.2d at 9; *Jarboe*, 397 S.W.2d at 778. Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of its case. *See Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (quoting *Celotex*, 477 U.S. at 322).

In his complaint, however, the plaintiff also claims that the defendant CMS owed an affirmative duty to him to intervene on his behalf and rescue him from the assault during his booking; an intervention, he alleges, CMS "failed and refused" to perform. *See* R. 1, Pl.'s Compl.. He alleges that CMS violated his civil rights, including those guaranteed under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution. He alleges the "corporate [d]efendants" owed a "duty to provide for the physical well-being and safety of [p]laintiff while he was in the voluntary and exclusive custody and control of the defendants." *See id.* These are not claims of medical negligence, but are directly related to the alleged assault, and may not require an expert to prove in court. CMS did not address these allegations in its motion for summary judgment. While it is not necessary to "scour the record or make a case for a party who has failed to

do so on his own behalf" by not filing a response to a motion for summary judgment, the court is "still obliged to protect a viable cause of action." *Shorts v. Bartholomew*, 255 Fed. Appx. 46, 50 (6th Cir. 2007) (citing *Guarino*, 980 F.2d at 404-07). Accordingly,

**IT IS ORDERED** that the defendant Correctional Medical Services, Inc.'s motion for summary judgment (R. 26) is **GRANTED** in regard to the plaintiff's claim against that defendant for medical negligence and **DENIED** in regard to all other claims.

**IT IS FURTHER ORDERED** that the in-court status conference scheduled on August 12, 2009 at 1:00 p.m. remains scheduled at that time. As previously stated, failure to appear at this conference by the plaintiff will result in dismissal of the action for failure to prosecute.

Signed on  August 3, 2009        

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY